IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDDIE DEVON CHILDS,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST COMMUNITY FEDERAL CREDIT UNION, JENNY T. JONES, and STEVEN W. BECKSTROM,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:12–cv–00347–DN–EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Eddie DeVon Childs[1] brought this action against Defendants Southwest Community Federal Credit Union, and its attorneys Jenny T. Jones and Steven W. Beckstrom (collectively "Southwest").[2] Mr. Childs's Complaint alleges a cause of action under 42 U.S.C. section 1983, among other causes of action.[3] Southwest moved this Court to dismiss Mr. Child's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine and standing, and under Rule 12(b)(6) for failure to state a claim upon which the Court can grant relief.

Based on the Court's careful consideration of the Motion and Memoranda submitted for and against Southwest's Motion to Dismiss Plaintiffs' Complaint,[4] (ECF No. 3), it recommends the District Court GRANT Southwest's Motion to Dismiss without prejudice because the Court

---

[1] Mr. Childs filed this case and signed the Complaint on behalf of Lazy C Enterprises and Glenda Jo Childs, who he listed in the Complaint. (ECF No. 2.) Because Mr. Childs is not an attorney, he cannot represent anyone but himself, so the Court terminated Lazy C Enterprises and Ms. Childs as parties on June 15, 2012. (EFC No. 7.)

[2] On June 15, 2012, District Judge David Nuffer referred this case to the undersigned magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B). (ECF No. 6.)

[3] Because Mr. Childs proceeds pro se, the Court liberally construes his filings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010) (citation omitted).

[4] The Court determined it can decide the Motion based on the briefing and does not need oral argument. *See* DUCivR 7–1(f).

lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine and because Mr. Childs

lacks standing.  In the alternative, the District Court should GRANT Southwest's Motion to

Dismiss with prejudice because Mr. Childs's Complaint fails to state a claim upon which this

Court can grant relief.

## FACTUAL BACKGROUND

Mr. Childs's cause of action against Southwest arises from mortgagee Southwest's

foreclosure of five properties Mr. Childs owned as mortgagor.  (Compl. Exs. 3, 6.)  On

September 16, 2011, Mr. Childs filed an action in the Fifth District Court for the State of Utah

against Southwest and Utah State District Judge John J. Walton, *Childs, et al. v. Southwest Cmty.*

*Fed. Credit Union*, Case No. 110502900 (hereinafter the "State Case"), challenging the

foreclosure under various theories.  (*See* ECF No. 4, Exs. 1–2.)  On November 1, 2011, the State

Court dismissed the State Case for lack of subject-matter jurisdiction and failure to state a claim

upon which relief can be granted.[5]  (ECF No. 4, Exs. 1, 4.)  On March 26, 2012, the State Court

imposed sanctions against Mr. Childs prohibiting him "from filing any further pleadings, letters,

or other documents against [Southwest] within Utah State Courts without specific written

permission from [the State Court]."[6]  (ECF No. 4, Ex. 5 at 4.)  Mr. Childs then filed the

Complaint in this District on April 10, 2012.  (ECF No. 2.)  Mr. Childs also filed for bankruptcy

---

[5]  On January 5, 2012, the court also dismissed Defendant Judge Walton as a party to Mr. Childs's Complaint on the same grounds.

[6]  The State Court imposed these sanctions on Mr. Childs based partially on multiple documents Mr. Childs filed against Southwest in various other state court cases pending in the Fifth Judicial District Court of the State of Utah.  (ECF No. 4, Ex. 5 at 3–4.)  The State Court found these various filings lacked "evidentiary support" and "legal merit."  (*Id*.)

in the United States Bankruptcy Court for the District of Utah, Case No. 09–33970 (hereinafter the "Bankruptcy Case"), on December 15, 2009.[7]  (ECF No. 4.)

Mr. Childs alleges Southwest violated his civil rights by means of "wrongful contract, unlawful foreclosure, grand theft, criminal trespass, and fraud."  (Compl. at 2.)  Further, Mr. Childs claims Southwest acted under color of state law and "'in concert' with additional state officers," (Compl. ¶ 22), to violate his civil rights in numerous ways.[8]  But Mr. Childs does not identify any intelligible facts supporting his claims for constitutional violations.[9]  Although the Complaint is vague and confusing, the Court will liberally construe Mr. Childs's identification of alleged constitutional rights violations as part of his section 1983 claims.  *See Casanova*, 595 F.3d at 1125 (citation omitted) (noting liberal construction of pro se filings).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the court's subject-matter jurisdiction in two ways.  First, a party may bring a facial attack, which "looks only to the factual allegations of the complaint in challenging the court's jurisdiction."  *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).  A party may also bring a factual attack, which "goes beyond the factual allegations of the

---

[7]  Mr. Childs and his wife, Glenda Jo Childs, originally filed for Chapter 11 bankruptcy, which the Bankruptcy Court later converted to a Chapter 7 bankruptcy.  (ECF No. 4.)

[8]  Mr. Childs argues Southwest knowingly violated his civil rights when it "acted wantonly, recklessly, willfully and maliciously . . . showing a deliberate indifference towards" his constitutional rights, (Compl. ¶ 22), "maintain[ed] a pattern and practice of depriving liberty and property" in violation of the Constitution, (Compl. ¶ 24), did not properly train or supervise employees and officers regarding individual constitutional rights, (Compl. ¶ 25), and that Jenny T. Jones and Steven W. Beckstrom deprived Mr. Childs of his constitutional rights when they acted as "debt collectors."  (Compl. ¶ 26.)

[9]  Under the facts section of the Complaint Mr. Childs lists eight exhibits the Court presumes Mr. Childs attached to the Complaint because he believes they provide the necessary facts to support his allegations against Southwest.  However, although these exhibits reference disputed loans, the foreclosure of Mr. Childs's property, the Bankruptcy Case, and the State Case, they do not provide any particular facts to support Mr. Roberts's claim that Southwest violated his civil rights.

-3-

complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." *Id.* (citation omitted)  Where a defendant moves to dismiss under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction, *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991), and a court must dismiss the cause of action upon determining the court lacks jurisdiction.  *Evitt v. Durland*, 242 F.3d 388 (10th Cir. 2000) (unpublished table decision).

To withstand a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'"  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While "a court must accept as true all of the allegations contained in a complaint," this rule does not apply to legal conclusions.  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] plaintiff must offer specific factual allegations to support each claim."  *Id.* (citation omitted).  A complaint survives only if it "states a plausible claim for relief."  *Id.* (citation omitted).

## DISCUSSION

### A.  Subject-matter Jurisdiction

#### 1.  *Rooker-Feldman* Doctrine

Southwest contends this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923), because Childs's Complaint amounts to a request that this Court review a state court judgment.  "*Rooker-Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments."  *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012).  Under *Rooker-*

-4-

*Feldman*, a party who lost in state court cannot ask a lower federal court to "'effectively exercis[e] appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (quoting *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006)). *Rooker-Feldman* only applies where the state court rendered judgment before the federal district court proceeding commenced,[10] and it does not displace preclusion doctrines or enhance abstention doctrines. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Therefore, a federal district court must carefully examine the relief sought in relation to the adverse state-court judgment. *PJ ex rel. Jensen*, 603 F.3d at 1193.

Here, Mr. Childs's section 1983 claims appear to stem from the adverse ruling in the State Case, for which he seeks review. Mr. Childs claims Southwest acted "'in concert' with additional state officers." (Compl. ¶ 22.) Mr. Childs does not name the "additional state officers" or allege how those officers participated in violating his rights but did attach the judge in the State Case, Judge James L. Shumate's oath of office to the Complaint. (Compl. Ex. 8.) Further, Mr. Childs claims Southwest "ha[s] not produced discovery, rebutted, or disagreed with any of and thus admitted all affidavits of being true, correct, legal and binding in court by acquiescence." (Compl. ¶ 20.) Whether Mr. Childs alludes to the foreclosure or the State Case when he refers to discovery and court proceedings remains unclear, and the affidavits attached to

---

[10] "The First Circuit helpfully explained the situations where a judgment would be considered final for *Rooker-Feldman* purposes: (1) 'when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved'; (2) 'if the state action has reached a point where neither party seeks further action'; or (3) 'if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated.'" *Guttman v. Khalsa*, 446 F.3d 1027, 1032 n.2 (10th Cir. 2006) (quoting *Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17, 24 (1st Cir. 2005)).

the Complaint, (Compl. Exs. 1–6), do not provide any coherent facts that clearly address either the foreclosure or the State Case.  Yet Mr. Childs also attached to the Complaint a "Notice of Default" he filed in the State Case, (Compl. Ex. 7), seeming to indicate he believes the State Case violated his constitutional rights.  Lastly, Mr. Childs appears to challenge the State Case because he filed the Complaint in this Court only two weeks after the court in the State Case imposed sanctions against Mr. Childs.  On these pleadings, the Court finds that it lacks subject-matter jurisdiction under *Rooker-Feldman* because although Mr. Childs does not state precisely when and in what manner the government violated his civil rights, he appears to ask this Court to review the State Case.  Therefore, the District Court should dismiss this case for lack of jurisdiction.

### 2.  Standing

Southwest also requests dismissal of Mr. Childs's Complaint under Rule 12(b)(1) because he lacks standing under the rules of bankruptcy.  A plaintiff has standing when he "has made out a 'case or controversy' between himself and the defendant within the meaning of Art[icle] III"; generally he "cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975).

However, with the commencement of a bankruptcy case a plaintiff may lose standing to bring certain causes of action he otherwise would have the right to bring.  After a plaintiff voluntarily files a petition for bankruptcy, a bankruptcy case commences and immediately creates a bankruptcy estate comprised of "all legal or equitable interest of the debtor in property."  11 U.S.C. § 541(a)(1).  Courts have construed this language broadly to include "'rights of action' such as claims based on state or federal law."  *Seven Seas Petroleum, Inc. v. Chesapeake Energy Corp.*, 522 F.3d 575, 584 (5th Cir. 2008).  "Under this rule, '[p]re-petition

causes of action are part of the bankruptcy estate and post-petition causes of action are not.'"
*Cook v. Baca*, No. 12–2023, 2013 WL 828814, at *9 (10th Cir. March 7, 2013) (quoting *Witko v. Menotte*, 374 F.3d 1040, 1042 (11th Cir. 2004)).  Although a bankruptcy petition does not affect the debtor's interest in an asset, the trustee of the bankruptcy estate becomes the holder of all the debtor's assets.  *Graves v. Graves*, 609 F.3d 1153, 1156 (10th Cir. 2010).  Therefore, under 11 U.S.C. section 541(a) the bankruptcy trustee has exclusive standing to assert any claim belonging to the estate.  *See also Smith v. Rockett*, 522 F.3d 1080, 1084 (10th Cir. 2008).

Here, Mr. Childs's cause of action revolves around assets held by the bankruptcy estate when Mr. Childs filed bankruptcy on December 15, 2009.  Mr. Childs does not assert his section 1983 claims against Southwest relate to other property not part of the bankruptcy estate.  Further, no allegations before the Court suggest the bankruptcy trustee has abandoned any claim held by the bankruptcy estate.  Therefore, Mr. Childs does not have standing to assert the section 1983 claims he alleges in the Complaint, and the Court lacks subject-matter jurisdiction.  On this basis, the District Court should dismiss the Complaint.

### B.  Civil Rights Claim Under 42 U.S.C. Section 1983

Under 42 U.S.C. section 1983, a plaintiff must allege he suffered a "depriv[ation] of a right 'secured by the Constitution and laws' of the United States and that this deprivation was committed under color of state law."  *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).  The deprivation of a federal right is made under color of law when it is:

> "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."

*Id.* at 1207–08 (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) (alterations in original)).

Here, Mr. Childs asserts several of his constitutional rights were violated, but he does not provide any facts that make clear how Southwest violated these rights.  Mr. Childs also fails to satisfy the two *Lugar* conditions he must meet to show Southwest violated his rights under color of state law.  First, Mr. Childs's Complaint seems to suggest Southwest either misused state foreclosure law, or it somehow misled the court in the State Case.  However, even if the Court accepted Mr. Childs allegations as true, they do not amount to Southwest exercising "some right or privilege created by the State."  *Id.*

Second, Mr. Beckstrom, Ms. Jones, and Southwest Community Federal Credit Union do not qualify as "state actors" under section 1983.  That a private party's mere invocation of state legal proceedings does not constitute joint action with the State or State officials is well established.[11]  Mr. Childs does not provide any evidence Southwest did anything more than avail itself of state legal proceedings.  Further, although Mr. Childs makes reference to the State Case in his Complaint and attaches the oath of office of Judge Shumate, Mr. Childs has provided no evidence suggesting Southwest acted together with the State to deprive him of his rights within the meaning of section 1983.  Therefore, Mr. Childs's Complaint fails to state a claim under section 1983 upon which this Court can grant relief.

---

[11] *See, e.g., Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (holding "private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983"); *Lindley v. Amoco Prod. Co.*, 639 F.2d 671 (10th Cir. 1981) (concluding attorney agent for a corporation did not constitute a state actor because a court order allowed him to enter plaintiff's home for discovery purposes); *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) (holding "mere recourse to state or a local court procedures does not by itself constitute 'joint activity' with the state sufficient to subject a private party to liability under section 1983").

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** as follows:

1.  The District Court **DISMISS** this action without prejudice because it lacks subject-matter jurisdiction.

2.  The District Court **GRANT** the Motion to Dismiss (ECF No. 3).

3.  The District Court deem as **MOOT** Plaintiff's Motion for Discovery (ECF No. 11).

The Court will send copies of this Report and Recommendation to the parties who are hereby notified of their right to object to the same. The Court further notifies the parties they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. section 636(b); Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 25th day of March, 2013.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge